IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE VASQUEZ,

      Plaintiff,                      No. CIV S-10-3254 GGH (P)

   vs.

ARNOLD SCHWARZENEGGER, et al.,

      Defendants.          ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected

1

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff alleges that he complained about neck and shoulder pain for ten months, but was not given a medical appointment despite several requests. He states that a steroid injection gave him no relief from the pain, and that the physical therapy sessions he attended merely "aggravated the pain and lessened my mobility." Despite his requests to see an orthopedic specialist and/or pain management specialist, he was allegedly treated by a physician's assistant and sent back to physical therapy. Plaintiff further alleges that in June 2010 his "nerve medication (Gabapentin)" was discontinued, and as of that time he was "no longer on any pain medication either." Plaintiff states that he continues to experience severe neck and shoulder pain and a low quality of life because his medical needs have not been met, and contends that this constitutes a violation of the Eighth Amendment.

However, plaintiff has not specifically alleged how each named defendant was involved in denying him necessary medical care. Nor has he set forth detailed factual allegations about his actual course of treatment, including physical therapy, one or more steroid injections, and any pain medication he was prescribed (actually Gabapentin is used to control pain), nor explained how such treatment was inadequate to his medical needs. Plaintiff's conclusory allegations do not state a constitutional violation. His complaint is dismissed with leave to file an amended complaint within twenty-eight days.

In order to state a claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that

defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299, (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of course, negligence is insufficient. Farmer, 511 U.S. at 835. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. Id. at 836-37. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842.

It is nothing less than recklessness in the criminal sense-subjective standard-disregard of a risk of harm of which the actor is actually aware. Id. at 838-842. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842. If

4

the risk was obvious, the trier of fact may infer that a defendant knew of the risk. Id. at 840-42. However, obviousness per se will not impart knowledge as a matter of law.

Also significant to the analysis is the well established principle that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Additionally, mere delay in medical treatment without more is insufficient to state a claim of deliberate medical indifference. Shapley v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 408 (9th Cir. 1985). Although the delay in medical treatment must be harmful, there is no requirement that the delay cause "substantial" harm. McGuckin, 974 F.2d at 1060, citing Wood v. Housewright, 900 F.2d 1332, 1339-1340 (9th Cir. 1990) and Hudson, 112 S. Ct. at 998-1000.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

4. Plaintiff's motion for a temporary restraining order (Doc. No. 4) enjoining defendants from providing medical care to plaintiff is denied as premature.

DATED: January 3, 2011

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE